| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF SCOTT** | **FIRST JUDICIAL DISTRICT** |
| | **CASE TYPE: Quiet title** |
| | **CASE NO.** |

Long Chhang and Sopheap Pen

    Plaintiffs,

v.

                                      **SUMMONS**

Deutsche Bank Trust Company
Americas, as Trustee for Residential
Accredit Loans, Inc., Asset-Backed Pass-
Through Certificates, Series 2007-QS5

    Defendants.

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's Attorney an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of the Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief requested in the Complaint. This is a request for money judgment. This civil action is subject to the Alternative Dispute Resolution processes.

Dated: Dec 15, 2014

Lawrence A. Moloney
Attorney License No. 165876
55 East Fifth St, Suite 400
St. Paul, MN 55101
Telephone: (651) 222-5863
Attorney for Plaintiffs

EXHIBIT A

1

DEC 18 2014

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT<br>FIRST JUDICIAL DISTRICT |
| COUNTY OF SCOTT | CASE TYPE: Quiet Title<br>CASE NO. |

Long Chhang and Sopheap Pen

    Plaintiffs,

v.

**COMPLAINT**

Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Asset-Backed Pass-Through Certificates, Series 2007-QS5

    Defendant.

Comes now the Plaintiffs Sopheap Pen and Long Chhang and for their causes of action against the Defendant, states and alleges as follows:

1. Plaintiff Long Chhang is a resident of Minnesota living at 7133 126th Street Court, Apple Valley, MN 55124 who was formerly married to plaintiff Sopheap Pen.

2. Plaintiff Sopheap Pen is the present owner and long-time resident of a home located at 13800 Utah Ave, Savage, MN 55378. Plaintiffs purchased the home together in 2000. They subsequently became divorced and pursuant to the divorce Plaintiff Sopheap Pen became the sole owner of the home.

3. Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Asset-Backed Pass-Through Certificates, Series 2007-QS5is part of Deutsche Bank, a National Corporation in the banking business that operates across the country.

1

4. On or about October 20, 2006, Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial, LLC, as mortgagee and Plaintiff Long Chhang and Plaintiff's then wife, Sopheap Pen, as mortgagors entered into a promissory note and mortgage for the property located at 13800 Utah Ave, Savage, MN 55378. The mortgage was filed and registered with Scott County on November 15, 2006 as Document No. T 180650.

5. The mortgage was subsequently assigned to defendant Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Asset-Backed Pass-Through Certificates, Series 2007-QS5 on or about June 25, 2013 as reflected in Document T224213 registered on June 28, 2013 with Scott County.

6. In 2014, defendant Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Asset-Backed Pass-Through Certificates, Series 2007-QS5 initiated proceedings to foreclosure its mortgage.

7. On May 27, 2014, as part of the foreclosure by advertisement process under Minn. Stat. §580.01 et. seq. a Sheriff Sale was conducted.

8. Under Minnesota's foreclosure by advertisement statute, specifically Minn. Stat. §580.03, a Notice of Foreclosure Sale must be personally served on the occupant of the foreclosed property at least four weeks before the scheduled Sheriff Sale, with certain exceptions not applicable here.

9. Defendant's Affidavit of Service reports that Notice of Foreclosure Sale was personally served to Mae Pen, who is not an occupant of the home, or known personally by Plaintiffs.

10. Plaintiffs were never personally served with the requisite Notice of Foreclosure Sale or otherwise served with Notice of Foreclosure Sale in compliance with Minn. Stat. §580.03. Moreover, no occupant or person in possession of Sopheap Pen's home was served with the Notice of Foreclosure Sale as required under Minnesota law.

## COUNT I
### Minnesota Statute §580.03

11. Plaintiffs incorporates the above paragraphs by reference herein.

12. In particular, plaintiff are alleging a violation of Minn. Stat. Section 580.03 which governs the requirement of service of the Notice of the Sheriff's sale and states that "at least four weeks before the appointed time of sale a copy of such notice shall be served in like manner as a summons in a civil action in the district court upon the person in possession of the mortgaged premises.

13. Under Minnesota Rule of Civil Procedure Rule 4.03, a summons and complaint must be personally served unless certain requirements allowing for posting on the summons and complaint are met.

14. Neither Plaintiff Sopheap Pen nor any other occupant was ever personally served. Moreover, no Notice of Foreclosure Sale was posted. In any event, none of the requirements allowing for posting of the Notice of Foreclosure Sale were met.

15. The failure to provide proper service was illegal and violated Minn. Stat. §580.03.

16. Under Minnesota law governing foreclosure by advertisement, a foreclosing party must show exact compliance with the terms of the foreclosure by advertisement statute, including Minn. Stat. §580.03. Under the Minnesota Supreme Court decision in *Jackson v. Mortgage Electronic Systems, Inc.*, 770 NW2d 487, 494

(Minn. 2009), if the service requirements under this statute are violated, the foreclosure is void.

17. This action is a quiet title action challenging the legality of the foreclosure by advertisement on plaintiff Sopheap Pen's home.

WHEREFORE, Plaintiffs pray the Court issue an Order:

A. Entering an order declaring that the sheriff sale and the foreclosure are null and void;

B. Reversing the foreclosure;

C. Enjoining any effort to evict Plaintiff Sopheap Pen from her home;

D. Granting Plaintiffs such other and further equitable relief as the Court deems just and equitable.

Dated: Dec 15, 2014

SOUTHERN MINNESOTA
REGIONAL LEGAL SERVICES, INC.

Lawrence A. Moloney
Attorney License No. 165876
55 East Fifth St, Suite 400
St. Paul, MN 55101
Telephone: (651) 222-5863
Attorney for Plaintiffs

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.21, Subd. 2, to the party against whom the allegations in this pleading are asserted.

Lawrence A. Moloney

4