UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Long Chhang and Sopheap Pen,   Civil No. 15-28 (PAM/JJK)

              Plaintiffs,

v.   **MEMORANDUM AND ORDER**

Deutsche Bank Trust Company
Americas, as Trustee for Residential
Accredit Loans, Inc., Asset-Backed
Pass-Through Certificates, Series 2007-QS5,

              Defendant.

---

This matter was tried to the Court on January 4, 2015. At issue is Plaintiffs' contention that Defendant did not properly serve them with notice of foreclosure sale under Minnesota law. Plaintiffs seek an order declaring the sheriff's sale and foreclosure void under Minnesota law. For the reasons that follow, the Court finds that Plaintiffs have failed to carry their burden and judgment will be entered in favor of Defendant.

**BACKGROUND**[1]

This case arises out of the foreclosure of the mortgage on Plaintiffs' home in Savage, Minnesota. (Def.'s Exs. 1-2 (Note and Mortgage).) Plaintiffs Long Chhang and Sopheap Pen bought the home when they were married, but subsequently divorced. Sopheap Pen continued to reside at the home after the couple's divorce. Defendant holds the mortgage on

---

[1] During trial, counsel referred to exhibits by incorrect exhibit numbers, because the binder containing Defendant's exhibits used tab 1 as the exhibit list, not as Exhibit 1. Thus, when witnesses testified about exhibits, their testimony reflected the tab number from the binder, not the exhibit number. The Court will use the correct exhibit number.

Plaintiffs' home.  (Def.'s Ex. 3 (Recorded Assignment of Mortgage)).

There is no dispute that Plaintiffs have not made payments on the mortgage for several years and are in default.  (Tr. at 5.)  Likewise, there is no dispute that Defendant was entitled to institute foreclosure proceedings against the property.  Defendant did so on April 12, 2014, under Minnesota's foreclosure-by-advertisement statute.  (Def.'s Ex. 5 (Affidavit of Publication of Mortgage Foreclosure).)  That statute requires Defendant to serve the notice of foreclosure sale on the mortgagees in the same manner as required for the service of a summons in a civil action in Minnesota state court.  Minn. Stat. § 580.03.  Minnesota's rules of civil procedure in turn require that a civil summons be served either on the individual personally or "by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein."  Minn. R. Civ. P. 4.03.

Defendant's process server, Alan Zopf, testified that, when he went to the home to service the notice of foreclosure sale and related documents, the person who answered the door at Plaintiffs' home had difficulty communicating in English.  (Tr. at 65.)  He thought she said that her name was "Ma."  (Id. at 66.)  He did not know whether this meant that she was the owner's mother, or "ma," or whether this was her name.  (Id.)  His contemporaneous affidavit of service states that he left the notice and copies thereof with "Mae Pen, Occupant/Mother, a person of suitable age and discretion then residing therein."  (Def.'s Ex. 5.)  Zopf subsequently executed a supplemental affidavit, stating that the person answering the door at Plaintiffs' home was "an older Asian woman, small in stature, dark hair and eyes, in her 50's."  (Def.'s Ex. 8.)  He further averred that he asked the woman if she lived in the

2

home and she nodded "yes." (Id.) The supplemental affidavit also states that Zopf thought the woman said that her name was "Mae Pen, or My Pen." (Id.) Finally, Zopf averred that "2 or 3 small children looked on" as he was talking with the woman at Plaintiffs' home. (Id.) In the courtroom, Zopf identified Plaintiff Sopheap Pen as the individual to whom he spoke in April 2014. (Tr. at 70-71.)

Plaintiff Sopheap Pen testified that she was not served with notice of the sale. She maintained that she was the only person living at the home in April 2014 (id. at 16, 21), that no small children had ever lived at the home with her, because her own children were grown and had moved away. (Id. at 22-23.) She further testified that her mother was not living in 2014, and no one by the name of Mae Pen or My Pen or Ma Pen was living in the home with her in 2014. (Id. at 18.) She denied any knowledge of the notice or of the foreclosure.

**DISCUSSION**

Minnesota law requires strict compliance with the requirements of the foreclosure-by-advertisement statute, including the requirement of serving notice on the homeowners. See Ruiz v. 1st Fid. Loan Servicing, LLC, 829 N.W.2d 53, 56-58 (Minn. 2013) (requiring strict compliance with the recording requirements of the statute, Minn. Stat. § 580.02(3)); Drews v. Fed. Nat'l Mortg. Ass'n, 850 N.W.2d 738, 741 (Minn. Ct. App. 2014) (citing, inter alia, Ruiz, and stating, "[i]t follows that a strict-compliance standard also applies to the service requirements of Minn. Stat. § 580.03"). "Absent strict compliance with the foreclosure statute, the foreclosure proceeding is void." Drews, 850 N.W.2d at 742. Thus, if Defendant failed to make service of the notice of foreclosure sale on Sopheap Pen or "a person of

suitable age and discretion" residing in Sopheap Pen's home, the foreclosure proceeding is void.

"[A]n affidavit of service is usually strong evidence of proper service . . . [which] may [only] be overcome by the production of clear and convincing evidence." Peterson v. Eishen, 495 N.W.2d 223, 225-26 (Minn. Ct. App. 1993) (citation omitted). Plaintiffs' only evidence is Sopheap Pen's testimony that she did not receive service and that there was no one else residing in her home at the time who could have received service. Plaintiffs also note the discrepancies between Zopf's contemporaneous affidavit, which contained no details about the person on whom service was allegedly accomplished, and Zopf's supplemental affidavit, which contained more detail. Plaintiffs emphasize that Zopf's supplemental affidavit mentioned the presence of children, when Sopheap Pen and her adult son testified that no children ever resided at the home. With this detail, included in an affidavit executed more than 15 months after the alleged service of process, Plaintiffs attempt to cast doubt on Zopf's testimony as a whole, asking the Court to disbelieve him in total.

But Zopf is a process server with more than 30 years of experience, whose livelihood depends on his compliance with Minnesota law when he serves process for his clients. He has no reason to fabricate his story, and the differences between his contemporaneous affidavit and the supplemental affidavit are easily explained by the need to add details for this litigation after Plaintiffs denied receiving notice and by the vagaries of memory. More compelling is the fact that Zopf testified that he recognized Sopheap Pen as the person he served when he came to the courthouse for a conference months before the trial (Tr. at 71),

and that he identified her again in the courtroom as the person on whom he personally served the notice of foreclosure sale.  (Id. at 70-71.)  After considering all of the evidence presented at trial, the Court finds that Zopf served the notice of foreclosure sale as Minn. Stat. § 580.03 and Minn. R. Civ. P. 4.03(a) require, and that Defendant therefore properly foreclosed on the property.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Complaint (Docket No. 1) is **DISMISSED with prejudice**; and
2. Defendant's foreclosure of Plaintiffs' property was in accordance with Minnesota law and is valid.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   January 19 2016

　　　　　　　　　　　　　　　　　　　　　　　　 s/Paul A. Magnuson
　　　　　　　　　　　　　　　　　　　　　　　　Paul A. Magnuson
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge